Shirley SCOBLE, Plaintiff-Appellant,

v.

DETROIT COIL COMPANY, and International and Local Lodge 82, International Association of Machinists, and Aerospace Workers, AFL–CIO, Defendants-Appellees.

No. 77–1757.

United States Court of Appeals, Sixth Circuit.

Jan. 4, 1980.

Rehearing Denied Feb. 8, 1980.

David Melkus, Flint, Mich., for plaintiff-appellant.

R. Ian Hunter, C. John Holmquist, Jr., Bloomfield Hills, Mich., for Detroit Coil Co.

Jerome G. Quinn, Smith & Quinn, Detroit, Mich., Arthur Borella, Robert L. Mercado, Detroit, Mich., for IAM.

Before EDWARDS, Chief Judge, and KEITH and BROWN, Circuit Judges.

## ORDER

Appellant, Scoble, sued appellees, Detroit Coil Co. and the International Association of Machinists (both Local # 82 and the International) pursuant to § 301 of the Labor Management Relations Act. In general, she alleged that she had been wrongfully discharged as an employee of Detroit Coil in violation of the collective bargaining contract and that the defendant unions had failed to represent her fairly upon her filing of a grievance pursuant to the contract. Scoble also based her claim on a denial of due process and equal protection under the U. S. Constitution. Scoble further, on a theory of pendent jurisdiction, sued these defendants on alleged claims based on Michigan law.

The district court granted the defendants' motions for summary judgment with respect to Scoble's claims under federal law and, having done so, declined to entertain jurisdiction and therefore also dismissed without prejudice the pendent claims under state law.

Although it is difficult to define Scoble's claim under due process and equal protection, we understand it to be that if her rights are not adequately protected by § 301 and the collective bargaining contract, due process and equal protection require the application of a stricter standard to be met by the employer and the unions.

We agree with the district court that, without the collective bargaining contract negotiated by the unions, Scoble would have no right vis-a-vis the employer to continued employment and therefore the contract and relevant federal law under § 301 measure her right to continued employment. Accordingly, we determine that the district court properly granted summary judgment as to the due process and equal protection claims.

■ As stated, the district court granted summary judgment as to Scoble's claim of breach of duty by the unions to fairly represent her (and therefore also dismissed Detroit Coil). The basis for the granting of summary judgment was that, from the undisputed record, as a matter of law it could not be said that the unions had not fairly represented Scoble. While we note that the district court had an extensive record to review in the form of depositions and affidavits, nonetheless at the summary judgment stage, the district court could not properly grant the motion, as the district court recognized, unless such was required by the undisputed record. Upon our review of the record, we must disagree with the district judge and conclude that the record discloses disputed issues of fact on the question of fair representation. We must therefore reverse as to Scoble's claim against the unions, and we must also reverse as to her claim against Detroit Coil (*Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976)) under § 301.

Further, since we are reversing as to Scoble's claims under § 301, it follows that we must reverse as to the dismissal without prejudice of the pendent claims under state law without indicating any view as to the possible validity of such claims.

It is therefore Ordered that the judgment below is affirmed as to dismissal of Scoble's due process and equal protection claims and reversed as to the dismissal of the remaining claims.