**FEDERATED DEPARTMENT STORES, dba Ralphs Grocery Company, Petitioner–Cross–Respondent–Appellee,**

v.

**UNITED FOOD & COMMERCIAL WORKERS UNION, LOCAL 1442, Respondent–Cross–Petitioner–Appellant.**

No. 89–55156.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 10, 1990.

Decided April 27, 1990.

Henry M. Willis, Schwartz, Steinsapir, Dohrmann & Sommers, Los Angeles, Cal., for respondent-cross-petitioner-appellant.

Leroy D. Westmoreland and Steven Brennan, McLaughlin & Irvin, Los Angeles, Cal., for petitioner-cross-respondent-appellee.

Before GOODWIN, Chief Judge, TANG and BOOCHEVER, Circuit Judges.

GOODWIN, Chief Judge:

United Food and Commercial Workers Union, Local 1442 appeals a judgment vacating in part an arbitration award reinstating Juan Chao to his position as a checker/cashier for Federated Department Stores' Ralphs Giant Store No. 120 in Redondo Beach, California ("the Company"). We reverse.

The facts are undisputed. On the evening of May 28, 1987, Chao was scheduled to work from 6:00 to 10:00 p.m. Although the store was very busy, Chao clocked out at 9:00 p.m. and left the store. The acting manager followed him out of the store and inquired why he was leaving. Chao responded that it was 9:00 p.m. and he was leaving. The manager instructed him to return to work and attempted to show Chao the schedule stating that he was to work until 10:00 p.m. Chao was uncooperative and left. The manager yelled to him that he was suspended.

The following day the manager attempted to schedule a meeting with Chao. Chao indicated that he wanted his union representative present. The manager agreed and a meeting was scheduled. The Company's labor relations manager could not attend, however, so the meeting was canceled. Another meeting was scheduled. Prior to this new meeting, Chao informed the union representative that he could not attend because he was ill and his doctor had placed him on disability. The union representative contacted the labor relations director who informed him that Chao was administratively terminated without further attempt at resolution. Chao was discharged on June 2, 1987.

Pursuant to article XIII(c) of the collective bargaining agreement between the Company and the Union, Chao's discharge was submitted to arbitration. The parties stipulated that the matter was properly before the arbitrator and submitted the following issues:

1. Was Chao discharged for good cause?
2. If not, what is the appropriate remedy?

An impartial arbitrator found that "[w]ith the exception of the issue of due process raised by the Union, the elements of good cause for termination of the grievant on June 2, 1987, were established in the present hearing." He concluded that Chao's conduct violated Company work rules and was sufficient to cause his termination. The arbitrator also concluded that even absent the work rules, Chao's conduct amounted to good cause for discharge.

Notwithstanding the finding of good cause, however, the arbitrator proceeded to a question of "industrial" due process. Because Chao "was discharged without having been able to tell his side of the story to his supervisor," the arbitrator concluded that the Company's discharge was "premature." Despite his finding that Chao's conduct could amount to good cause for his termination, the arbitrator therefore concluded that he should be reinstated because the Company did not meet the due process component of good cause. No back pay was awarded, however.

The Company petitioned in California Superior Court to vacate the award. The Union successfully removed the case to the district court and cross-petitioned to confirm the award. The district court confirmed the arbitrator's decision that Chao's conduct amounted to insubordination, but vacated the decision to reinstate him without back pay.

The district court held that because the collective bargaining agreement included a procedure for management to follow when discharging an employee, the arbitrator went beyond "the essence" of the agreement and "drew on his own notions of industrial fair play" in finding that more process was due. The court rejected the Company's argument, however, that the arbitrator exceeded his authority in considering the procedural issue as part of the good cause analysis.

■ The scope of review of an arbitrator's decision in a labor dispute is extremely narrow. *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36–37, 108 S.Ct. 364, 369–70, 98 L.Ed.2d 286 (1987); *Stead Motors of Walnut Creek v. Automotive Machinists Lodge No. 1173*, 886 F.2d 1200, 1207–09 (9th Cir.1989) (en banc), *petition for cert. filed*, Feb. 2, 1990. This narrow approach to judicial review of labor arbitration awards was first expressed by the Supreme Court in 1960 in three opinions now referred to as the *"Steelworkers Trilogy." Stead Motors*, 886 F.2d at 1207. *See United Steelworkers of Am. v. American Mfg. Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers of Am. v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). In the trilogy, the Court emphasized the unique role arbitration plays in the labor context: "The grievance procedure is ... a part of the continuing collective bargaining process." *Warrior & Gulf Co.*, 363 U.S. at 581, 80 S.Ct. at 1352. Accordingly, "[i]t is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his." *Enterprise Wheel & Car Corp.*, 363 U.S. at 599, 80 S.Ct. at 1362.

In 1987, the Court reemphasized the deference due to an arbitrator's award:

> as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.

*Misco*, 484 U.S. at 38, 108 S.Ct. at 3671. Likewise, this circuit has adhered to this deferential approach when reviewing arbitration awards:

> Judicial scrutiny of an arbitrator's decision is extremely limited. The arbitrator's factual determinations and legal conclusions generally receive deferential review as long as they derive their es-

sence from [the collective bargaining agreement]. If, on its face, the award represents a plausible interpretation of the contract, judicial inquiry ceases and the award must be enforced. This remains so even if the basis for the arbitrator's decision is ambiguous and notwithstanding the erroneousness of any factual findings or legal conclusions.

*Stead Motors*, 886 F.2d at 1209 (quoting *Sheet Metal Workers Intern. Ass'n Local No. 359 v. Arizona Mechanical & Stainless, Inc.*, 863 F.2d 647, 653 (9th Cir.1988)).

■ The Supreme Court and this court have been equally clear about when a court can vacate an arbitration award. There are three articulated exceptions to the general rule of deferring to the arbitrator's decision: (1) when the arbitrator's award does not "draw its essence from the collective bargaining agreement" and the arbitrator is dispensing "his own brand of industrial justice", *Enterprise Wheel & Car Corp.*, 363 U.S. at 597, 80 S.Ct. at 1361; (2) when the arbitrator exceeds the boundaries of the issues submitted to him, *Pack Concrete, Inc. v. Cunningham*, 866 F.2d 283, 285 (9th Cir.1989); and (3) when the award is contrary to public policy, *Misco*, 484 U.S. at 42, 108 S.Ct. at 373. In this case, the Company asserts that the arbitrator committed the first two errors. The district court agreed with the first and rejected the second. We reject both contentions.

**A. Does the arbitrator's award draw its essence from the agreement?**

■ The Company argues that the arbitrator's finding that the Company violated due process did not draw its essence from the contract. The district court found that because other provisions of the collective bargaining agreement contained procedures for the Company to follow in terminating an employee, the arbitrator could not incorporate an additional due process component in the agreement. While the district court correctly noted that other procedures are provided in the agreement, it does not follow that the arbitrator's interpretation of the contract is not binding on the parties. The court is not free to

determine whether the inclusion of certain procedural provisions in the agreement preclude an arbitrator from interpreting other provisions to require additional procedures. *Enterprise Wheel & Car Corp.*, 363 U.S. at 599, 80 S.Ct. at 1362. Moreover, the arbitrator's interpretation of good cause is "a plausible interpretation of the contract" and draws its essence from the contract. *See Stead Motors*, 886 F.2d at 1209.[1]

■ The arbitration award states clearly that the arbitrator considered minimum procedural due process to be a component of good cause.[2] When interpreting a collective bargaining agreement, the "arbitrator's source of law is not confined to the express provisions of the contract, as the industrial common law—the practices of the industry and the shop—is equally a part of the collective bargaining agreement although not expressed in it." *Warrior & Gulf Co.*, 363 U.S. at 581–82, 80 S.Ct. at 1352–53. The arbitrator's finding is not beyond the essence of the contract if it is derived from the arbitrator's unique expertise. *Id.*

In *Chauffeurs, Local Union No. 878 v. Coca–Cola Bottling Co.*, 613 F.2d 716 (8th Cir.), *cert. denied*, 446 U.S. 988, 100 S.Ct. 2975, 64 L.Ed.2d 847 (1980), the Eighth Circuit, faced with a very similar collective bargaining agreement, which included procedures for termination, noted that "arbitrators have long been applying notions of 'industrial due process' to 'just cause' discharge cases." *Id.* at 719. In *Coca–Cola Bottling Co.*, the arbitrator found that despite the employee's deficient performance, the lack of procedural fairness afforded to him by the company fell short of the just cause standard. Like the Company here, Coca–Cola Bottling Co. did not provide the employee an opportunity to tell his side of the story prior to termination. Drawing upon scholarly articles which studied arbitration awards, the court found that an arbitration award that interpreted just cause to include due process "drew its essence" from the agreement. *Id.* at 719–20. *See also Super Tire Eng'r Co. v. Teamsters Local Union No. 676*, 721 F.2d 121 (3rd Cir.1983) (enforcing an arbitrator's award where employee was reinstated because he was not given a warning before his discharge), *cert. denied*, 469 U.S. 817, 105 S.Ct. 83, 83 L.Ed.2d 31 (1984). We agree with the Third Circuit that because it is not unusual for an arbitrator to apply due process notions to just cause, the arbitrator derived his decision from the essence of the collective bargaining agreement.[3]

Because the court cannot impose its own interpretation of a collective bargaining agreement on the parties, and because the arbitrator's finding that just cause requires

---

1. The pertinent provisions of the collective bargaining agreement state:

   A. DISCHARGE FOR CAUSE
   1. Employees may be discharged for good cause.
   2. Employees who are discharged for failure to perform work as required, or excessive absenteeism, shall first have had a prior warning, in writing, of related or similar offenses, with a copy sent to the Union. The employee so notified shall be required to initial such notice, but such initialing shall in no way constitute agreement with the contents of such notice....
   3. Any employee who is discharged shall be informed at the time of discharge of the immediate cause of discharge. Such information shall be confirmed in writing promptly upon request.

2. Even if the arbitrator was ambiguous in his written statement, the Supreme Court has advised that "mere ambiguity in the opinion accompanying an award, which permits the inference that the arbitrator may have exceeded his authority, is not a reason for refusing to enforce the award." *Enterprise Wheel & Car Corp.*, 363 U.S. at 598, 80 S.Ct. at 1361.

3. In holding that the procedural provisions in the collective bargaining agreement precluded the arbitrator's interpretation of good cause, the district court relied on *Roman v. United States Postal Services*, 821 F.2d 382, 386 (7th Cir.1987) and *Scoble v. Detroit Coil Co.*, 611 F.2d 661, 662 (6th Cir.1980) (per curiam). According to the district court, these cases held that employees are limited to the due process protections provided in the collective bargaining agreement. Neither case, however, controls the result here.
   First, both cases were brought directly before the district court. Accordingly, while the parties alleged a denial of due process, the district court was permitted to apply its own interpretation of the agreement. Second, the cases do not establish that the arbitrator's decision is in disregard of the law. *See American Postal Workers v. United States Postal Service*, 682 F.2d 1280, 1284 (9th Cir.1982) (court will reverse an arbitrator's decision when it is in manifest disregard of the law), *cert. denied*, 459 U.S. 1200, 103 S.Ct. 1183, 75 L.Ed.2d 431 (1983).

the Company to let Chao explain his side of the story draws its essence from the agreement, the district court incorrectly vacated the award.

### B. Did the arbitrator exceed the issues submitted?

The Company argues that the arbitrator exceeded his authority by reaching the question of due process. We treat the arbitrator's interpretation of the scope of the issues submitted to him with great deference and we find no error. *See Pack Concrete, Inc.*, 866 F.2d at 285–86. The issue of whether there was just cause to discharge Chao was explicitly before the arbitrator and he justifiably viewed due process as an element of just cause. *See Coca–Cola Bottling Co.*, 613 F.2d at 719–20.[4]

### C. Is the Union entitled to attorney's fees?

The Union's requests for attorney's fees on appeal as well as a reversal of the district court's decision not to award attorney's fees below are denied. There is no evidence that the Company brought this action in bad faith. *See Sheet Metal Workers Int'l Ass'n Local Union # 420 v. Kinney Air Cond. Co.*, 756 F.2d 742, 747 (9th Cir.1985).

In sum, we find no reversible error in the arbitrator's decision. Accordingly, the district court's order vacating the arbitration award in part is REVERSED and REMANDED for the district court to enter an order enforcing the award.

REVERSED and REMANDED.

---

**4.** Citing the Eleventh Circuit's decision in *Butterkrust Bakeries v. Bakery, Confectionery and Tobacco Workers Int'l Union, Local No. 361*, 726 F.2d 698 (1984), the Company also argues that the arbitrator's authority ended after he determined that Chao's conduct was in violation of the Company's work rules. In that case, however, the arbitrator was not authorized to determine what remedy was proper. Moreover, although "the arbitrator's decision must draw its essence from the agreement, he 'is to bring his informed judgment to bear in order to reach a fair solution of the problem. *This is especially true when it comes to formulating remedies.'*" *Misco*, 484 U.S. at 41, 108 S.Ct. at 372 (quoting *Enterprise Wheel & Car Corp.*, 363 U.S. at 597, 80 S.Ct. at 1361) (emphasis supplied by the *Misco* Court).