76 F.3d 385
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
DAY & ZIMMERMAN/BASIL CORP., Plaintiff-Appellees,
v.
INTERNATIONAL UNION OF OPERATING ENGINEERS; and Deborah
Jaynes, Defendants-Appellants.
 No. 94-16616.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 4, 1995.*
Decided Dec. 11, 1995.
 
 Before: PREGERSON, BRUNETTI, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The district court vacated the arbitrator's award to Jaynes, finding a manifest disregard of the law. We reverse and remand with instructions to enforce the arbitrator's award.
 
 
 3
 In the labor context, the scope of review of an arbitrator's decision is extremely narrow. Federated Dep't Stores v. United Food & Commercial Workers Union, Local 1442, 901 F.2d 1494, 1496 (9th Cir.1990). A labor arbitration award is upheld so long as the arbitrator did not exceed the boundaries of the submitted issues and the award draws its essence from the collective bargaining agreement and is not contrary to public policy. Id. A reviewing court is "bound--under all except the most limited circumstances--to defer to the decision of [the arbitrator] even if ... that ... decision finds the facts and states the law erroneously." Phoenix Newspapers, Inc. v. Phoenix Mailers Union Local 752, 989 F.2d 1077, 1080 (9th Cir.1993) (quoting Stead Motors v. Automotive Machinists Lodge 1173, 886 F.2d 1200, 1204 (9th Cir.1989), cert. denied, 494 U.S. 946 (1990)). The district court erred in applying the manifest disregard of the law standard.
 
 
 4
 The arbitrator's finding of an implied just cause requirement was based on the arbitration clause and other provisions in the collective bargaining agreement and thus the award drew its essence from the collective bargaining agreement. Appellee's arguments that the award is contrary to public policy or exceeds the arbitrator's authority or that the arbitrator was partial to appellants are without merit.
 
 
 5
 We decline to award attorneys' fees because we do not find that appellee acted in bad faith. See Phoenix, 989 F.2d at 1084.
 
 
 6
 REVERSED and REMANDED with instructions to enforce the arbitrator's award.
 
 
 
 *
 The panel unanimously find this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3