**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GRUMA CORPORATION, | No. 10-16055 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01699-SRB |
| v. | |
| | MEMORANDUM[*] |
| UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 99, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted March 27, 2012
Tempe, Arizona

Before: McKEOWN, CLIFTON, and BYBEE, Circuit Judges.

Gruma Corporation ("Gruma") appeals from the district court's grant of

summary judgment in favor of United Food and Commercial Workers, Local 99.

"[J]udicial review of an arbitration award is both limited and highly deferential."

*Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc., of*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

*Ariz.*, 84 F.3d 1186, 1190 (9th Cir. 1996). "If, on its face, the award represents a plausible interpretation of the contract, judicial inquiry ceases and the award must be enforced." *Sheet Metal Workers Int'l Ass'n, Local No. 359 v. Ariz. Mech. & Stainless, Inc.*, 863 F.2d 647, 653 (9th Cir. 1988).

The arbitrator plausibly considered "due process" to be a contractual component of "just cause," and therefore submitted for arbitration in accordance with the contract. *See Federated Dep't Stores v. United Food & Commercial Workers Union, Local 1442*, 901 F.2d 1494, 1497–98 (9th Cir. 1990). Even if the due process violation here was "technical," as Gruma argues, "the arbitrator derived his decision from the essence of the collective bargaining agreement." *Id.* at 1497. And to the extent there is any contradiction in the arbitrator's reasoning, we are not permitted to review arbitration awards at that level of specificity. *See id.* at 1497 n.2. Lastly, the award was not a "substantial windfall." The arbitrator found that the employee's contractual due process rights were violated by the employer, and awarded the employee backpay to compensate for that violation. The award was therefore nonpunitive.

AFFIRMED.

2