**RALPH ANDREWS PRODUCTIONS, INC.; Ralph Andrews Presentations, Inc.; and Ralph Andrews, individually, Plaintiffs–Appellants,**

v.

**WRITERS GUILD OF AMERICA, WEST; Harold Gast Productions, Inc.; and Harold Gast, individually, Defendants–Appellees.**

No. 90–55403.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 1991.

Decided July 2, 1991.

Neil C. Erickson, Jeffer, Mangels, Butler and Marmaro, Los Angeles, Cal., for plaintiffs-appellants.

Lucinda Bendat, West Hollywood, Cal. and Anthony R. Segall, Reich, Adell and Crost, Los Angeles, Cal., for defendants-appellees.

Before BEEZER, HALL and TROTT, Circuit Judges.

BEEZER, Circuit Judge:

The Writers Guild and Harold Gast (the Guild) initiated arbitration with two corporations in which Ralph Andrews was the sole officer and shareholder. The dispute concerned the amount of compensation due under a writer's contract. The Guild subsequently named Andrews, in his individual capacity, as a party to the arbitration.

Andrews and the corporations petitioned the district court to vacate the arbitrator's award. Andrews contends the arbitrator exceeded the scope of his authority by holding Andrews individually liable as an alter ego. The appellants also contend the amount of the award exceeded the limit contained in the bargaining agreement. The district court granted summary judgment for the Guild confirming the arbitration award. We affirm in part, reverse in part and remand.

I

The original arbitration claim named the two corporations. The amended arbitration

claim added Andrews in his individual capacity, even though Andrews was neither a party to the employment contract nor a party to the collective bargaining agreement.

Andrews appeared at the arbitration hearing in order to protect the interests of his closely-held corporations. Andrews objected to being named a party, and resisted the alter ego claim at the arbitration hearing and in a post-hearing brief.

The arbitrator awarded the screenwriter compensation and benefits, as well as interest on the award. In addition, the arbitrator found Andrews personally liable as an alter ego of the corporations.

Andrews petitioned the district court to vacate the award on the ground that the arbitrator exceeded the scope of his authority in finding Andrews personally liable as an alter ego. The corporations petitioned to vacate the award on the ground that the amount of the award exceeded the limit in the bargaining agreement. The district court ordered summary judgment for the Guild, confirming the arbitration award.

## II

■■■ Whether Andrews was bound by the bargaining agreement as an alter ego was a question originally for the district court. *Sheet Metal Workers Int'l Ass'n, Local No. 359 v. Arizona Mech. & Stainless, Inc.*, 863 F.2d 647, 653 (9th Cir.1988).[1] A party cannot be compelled to arbitrate if an arbitration clause does not bind the party. *Id.* at 653 (citing *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 547, 84 S.Ct. 909, 913, 11 L.Ed.2d 898 (1964)).

The parties may agree, however, to submit even the question of arbitrability to the arbitrator for decision. *George Day Constr. Co. v. United Bhd. of Carpenters and Joiners of Am.*, 722 F.2d 1471, 1474–75 (9th Cir.1984). Consent to grant the arbitrator such authority may be implied from the conduct of the parties in the arbitration setting. *Id.* at 1475. A party may not voluntarily submit his claim to arbitration, await the outcome, and, if the decision is unfavorable, then challenge the authority of the arbitrator to act. *Id.*

Andrews was not a party to the employment contract at issue. He was not a party to the collective bargaining agreement. Andrews clearly and unequivocally objected to being named a party to the arbitration.[2] He appeared at the arbitration hearing, without an attorney, only in order to address claims against the corporations. He could not have left the arbitration without abandoning the corporations he endeavored to protect. Andrews did all that could be expected under the circumstances to assert clearly that the arbitrator had no authority to bind him personally. We hold that his conduct, taken as a whole, did not constitute voluntary submission of the alter-ego issue to the arbitrator. Thus, Andrews did not waive the right to an independent judicial examination of the question. *See George Day*, 722 F.2d at 1475.

We therefore reverse in part and remand to the district court with instructions to vacate the award to the extent it is against Andrews individually.

## III

■■■ Article 10.A.3 of the bargaining agreement provides that the arbitrator "shall not have jurisdiction to render an award for compensation or payment exceeding the sum of ... one hundred thousand dollars...." The arbitrator found that Gast was owed $120,000 under the contract as well as a 6% pension plan contribution ($7,200) and a 5.5% health plan contribution ($6,600). Gast had been paid $30,000 before the breach. The arbitrator therefore awarded Gast the $90,000 unpaid balance, plus interest on that amount under Article 13.B.9 of the bargaining agreement (at the rate of 1.5% per month), plus the

---

1. *See also id.* at 653 n. 6 (distinguishing cases that appear to suggest otherwise).

2. *See, e.g.,* Supp. ER at 82. In a letter from Andrews to the Guild, dated March 24, 1989 (construed at various points by the Guild as a "Statement of Position" or "answer" to the amended arbitration complaint), Andrews stated: "I, personally, am also not a party in this case."

full amount of pension and health plan contributions ($13,800)—a total of more than $100,000.

Initially, the Guild argues that appellants waived their objection to the amount of the award by not raising it before the arbitrator. We reject this contention because the objection could not arise before the award was determined.

The arbitrator appears to have determined that the $100,000 limitation applies only to the amount due under the employment contract and does not include the components of the award that arise under the bargaining agreement (interest and plan contributions). The district court upheld the award because the court concluded that the arbitrator's interpretation, though perhaps incorrect, was at least "plausible."

The district court's review of an arbitration award is highly deferential. In *Sheet Metal Workers Int'l Ass'n, Local No. 359 v. Arizona Mech. & Stainless, Inc.,* 863 F.2d 647, 653 (9th Cir.1988), we stated:

> If, on its face, the award represents a plausible interpretation of the contract, judicial inquiry ceases and the award must be enforced. *George Day Constr. Co. v. United Bhd. of Carpenters and Joiners of Am.,* 722 F.2d 1471, 1477 (9th Cir.1984). This remains so even if the basis for the arbitrator's decision is ambiguous and notwithstanding the erroneousness of any factual findings or legal conclusions.

Although the arbitrator may have erred by treating the plan contributions as something other than "compensation or payment" under the limitation of Article 10.-A.3, it is at least plausible that "compensation or payment" refers to the amount due in the employment contract but not additional amounts due under the bargaining agreement. We therefore affirm the amount of the award.

## IV

We hold that Andrews, through his conduct, did not consent to allow the arbitrator to bind him personally. We therefore reverse in part and remand to the district court with instructions to vacate the award to the extent it is against Andrews individually. We agree with the district court that the arbitrator's award represented a plausible interpretation of the collective-bargaining agreement. We need not and do not consider Andrews' other contentions on appeal. Neither party shall recover costs.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.