944 F.2d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Phillip O. HOPEN, Sig D. Hopen, Plaintiffs-Appellants,
v.
Frank T. POLSAK, David D. Rasley, A.L. Lanstra, Tom Klippel,
William R. Ross, President Local 302, International Union of
Operating Engineers, Alaska Chapter of the Associated
General Contractors of America, Inc., William G. Schneider,
Registered Agent, Defendants-Appellees.
 No. 90-35577.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 22, 1991.
Decided Sept. 18, 1991.
 
 BEFORE TANG, REINHARDT and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Phillip and Sig Hopen appeal the district court's grant of summary judgment in their suit alleging breach of the terms of a collective bargaining agreement ("the agreement"). Specifically, the Hopens contend that the downgrading of their status on the hiring hall list violated the agreement's provisions governing the employer preference schedule. The district court granted summary judgment, finding no legal basis for nullifying the Joint Hiring Hall Committee's ("the Committee") resolution of the dispute. We affirm.
 
 DISCUSSION
 A. The Committee's Status
 
 3
 The Hopens argue first that the district court erred in deferring to the Committee's decision because the Committee's grievance procedure was not an "arbitration." Regardless of whether the Committee procedure constituted an "arbitration," the district court properly deferred to the Committee's decision.
 
 
 4
 The Committee represents the means chosen by the parties to the collective bargaining agreement for the resolution of disputes pertaining to "placement on [the] hiring hall list." Art. III, sect. 2(a). The agreement expressly states that decisions of the Committee shall be final and binding on the parties. Art. III, sect. 3. The decisional process affords the parties fundamental due process. The Hopens do not argue that the procedure either was tainted by bias or fraud or was contrary to public policy. Such a contractual scheme reflects the parties' evident desire to resolve informally disputes over placement on the list, without resorting to litigation. We will defer to decisions rendered through processes upon which parties' have contractually agreed, whether or not those processes formally qualify as arbitrations. See California Trucking Ass'n v. Brotherhood of Teamsters Local 70, 679 F.2d 1275, 1286 (9th Cir.1981), cert. denied, 459 U.S. 970 (1982); Local Freight Drivers v. Braswell Motor Freight Lines, Inc., 422 F.2d 109, 114 (9th Cir.), cert. denied, 400 U.S. 827 (1970); see also General Drivers, Local Union No. 89 v. Riss & Co., 372 U.S. 517, 519 (1963) (per curiam) ("It is not enough that the word 'arbitration' does not appear in the collective bargaining agreement, for we have held that the policy of the Labor Act can be effectuated only if the means chosen by the parties for settlement of their differences under a collective bargaining agreement is given full play.... Thus, if the award at bar is the parties' chosen instrument for the definitive settlement of grievances ..., it is enforceable.") (quotation and citations omitted). This policy of deference is premised "on the simple notion that courts do not free the individual from his [contractual] obligations merely because those obligations have turned sour on him." Stead Motors v. Automotive Machinists Lodge No. 1173, 886 F.2d 1200, 1206 (9th Cir.1989) (en banc), cert. denied, 110 S.Ct. 2205 (1990).
 
 B. The Committee's Decision
 
 5
 Because the parties contracted to have their dispute decided by the Committee, the scope of our review is extremely narrow. See Sheet Metal Workers Int'l Ass'n v. Arizona Mechanical & Stainless, Inc., 863 F.2d 647, 653 (9th Cir.1988); see also Stead Motors, 886 F.2d at 1205-07. The Committee's interpretation of the collective bargaining agreement must be sustained if it is "plausible." Arizona Mechanical, 863 F.2d at 653 ("If, on its face, the award represents a plausible interpretation of the contract, judicial inquiry ceases and the award must be enforced."). We may not predicate reversal on the Committee's erroneous findings of fact or conclusions of law. See Stead Motors, 886 F.2d at 1206.
 
 
 6
 The Hopens argue that the Committee misinterpreted the contract when it concluded that "registration date" meant the latter of either the original registration date or a re-registration date. We have no authority, however, to vacate the decision solely because of an alleged error in contract interpretation. See Employers Ins. v. National Union Fire Ins. Co., 933 F.2d 1481, 1486 (9th Cir.1991).
 
 
 7
 Our task, consequently, is quite simple. We need only determine whether the Committee's interpretation was "plausible." Arizona Mechanical, 863 F.2d at 653. We conclude that it was. The language of the agreement is sufficiently capacious to support reading "registration date" as the re-registration date. The Committee concluded that the Hopens' proffered interpretation was untenable because it would provide preferential status to those whose level of work experience had not been maintained over time. Likewise, we note, the Hopens' theory would foreclose any employee from moving up on the preference list regardless of how much experience they accumulated. Because the scope of the phrase "registration date" is ambiguous and the Committee's interpretation is both plausible and consistent with the purpose of the agreement to categorize preferences based on the length of service, "judicial inquiry ceases." Id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3