**PLUMBERS AND PIPE FITTERS LOCAL UNION NO. 442, of the United Association of Journey and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL–CIO, Plaintiffs–Appellants,**

v.

**FORD CONSTRUCTION CO., INC., Defendant–Appellee.**

No. 99–15776.

D.C. No. CV–98–00366–DFL/JFM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2001.

Decided March 14, 2001.

Before B. FLETCHER, FERNANDEZ, and PAEZ, Circuit Judges.

## MEMORANDUM *

Plumbers and Pipe Fitters Local Union No. 442 and Ford Construction Company entered into a collective bargaining agreement. A dispute about whether work was correctly assigned to Laborers Union Local 1130 rather than to Plumbers arose, and was, ultimately, submitted to arbitration. The arbitrator dismissed Plumbers' grievance as untimely. Plumbers brought an action to vacate the arbitrator's award, but the district court ruled against it. We affirm.

■ (1) Plumbers first claims that because the arbitrator's son was industrial relations director for the Associated General Contractors of California, Inc., which represents general contractors, including Ford on occasion, the arbitrator had evident partiality. We disagree. It is notable that the AGCC was not a party and did not represent or advise Ford regarding this dispute; in fact, it remained neutral and refused to lend its aid. Under the circumstances, Plumbers simply has not borne its burden of showing evident partiality. *See Sheet Metal Workers Int'l Ass'n, Local Union No. 420 v. Kinney Air Conditioning Co.*, 756 F.2d 742, 745–46 (9th Cir.1985). The connection was simply too attenuated. There was no reasonable basis to think that the arbitrator might be biased in Ford's favor on that account. *See Schmitz v. Zilveti*, 20 F.3d 1043, 1045 (9th Cir.1994).

■ (2) Plumbers also asserts that because the collective bargaining agreement with Ford did not specify the time within which a jurisdictional grievance must be brought, the arbitrator erred when he de-

termined that a reasonable period was implied. Again, we disagree. Our review is deferential and limited. *See Stead Motors v. Auto. Machinists Lodge No. 1173*, 886 F.2d 1200, 1207–09 (9th Cir.1989). Of course, we are not required to enforce awards which fail to draw their essence from the collective bargaining agreement, *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36, 108 S.Ct. 364, 370, 95 L.Ed.2d 286 (1987), but that does not mean that arbitrators are limited to the precise words of the agreement, without taking into account its context within the industry and the workplace. *See SFIC Properties, Inc. v. Int'l Ass'n of Machinists & Aerospace Workers*, 103 F.3d 923, 925–26 (9th Cir.1996); *Phoenix Newspapers, Inc. v. Phoenix Mailers Union Local 752*, 989 F.2d 1077, 1081 (9th Cir.1993); *Sheet Metal Workers Int'l Ass'n, Local No. 359 v. Arizona Mech. & Stainless, Inc.*, 863 F.2d 647, 653 (9th Cir.1988). Here, the arbitrator reflected upon just how important it is that jurisdictional grievances get settled at an early point, if possible, and noted that a reasonable time should therefore be implied. Perhaps that conclusion was not inevitable. Neither can we say that it was so irrational that it failed to implement the agreement itself.

■ By the same token, the mere fact that the arbitrator stated that resolution of jurisdictional disputes directly with the other union involved was the best way to proceed is not sufficient to show that the arbitrator was simply imposing his own brand of industrial justice upon Plumbers, without regard to the collective bargaining agreement itself. It is not unusual for unions to resolve jurisdictional disputes between themselves. *See, e.g., New England Mech., Inc. v. Laborers Local Union 294*, 909 F.2d 1339, 1344–46 (9th Cir.1990). In-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

deed, that is the way that Plumbers first proceeded. That background underscored both the importance of an early commencement and resolution of grievances when they are to be brought against the employer, and just how unlikely it was that the parties had agreed otherwise. For example, the project in question here was completed, or almost completed, before Plumbers even commenced this particular proceeding. We see no error.

AFFIRMED.