2001 OK CIV APP 125

**CITY OF MIDWEST CITY, Oklahoma, a municipal corporation, Plaintiff/Appellee,**

v.

**Mike JARRELL, Defendant/Appellant.**

**No. 95,421.**

Court of Civil Appeals of Oklahoma, Division No. 4.

May 15, 2001.

Tony G. Puckett, Scott A. Briggs, McAfee & Taft, Oklahoma City, OK, for Plaintiff/Appellee.

James R. Moore, James R. Moore & Associates, P.C., Oklahoma City, OK, for Defendant/Appellant.

TAYLOR, Judge:

¶ 1 Defendant, Mike Jarrell (Jarrell), seeks review of the trial court's order granting the motion of Plaintiff, the City of Midwest City (City), for summary judgment in its appeal of an adverse ruling by an arbitrator. Based on our review of the record and the applicable law, we affirm the order of the trial court.

¶ 2 The basic facts relevant to this appeal are not disputed. City's Fraternal Order of Police Lodge 127(FOP) is the bargaining agent for City police officers, including Jarrell. FOP, not Jarrell, is the signatory to the collective bargaining agreement (CBA) with City. The grievance procedure of the CBA provides, "[T]he FOP, or any employee, may initiate a grievance within fifteen (15) calendar days of the act or action giving rise to the grievance." CBA, Article 10, Section 1. If the grievance is not resolved by the initial negotiations between the employee, FOP, and City, then "FOP may request that the matter be submitted to impartial arbitration." CBA, Article 10, Section 4. The agreement also states, in Article 10, Section 4.D., that, if an arbitrator is chosen:

"The arbitrator's authority shall be limited to the interpretation and application of the terms of this Agreement and/or any supplement thereto. The arbitrator shall have no jurisdiction to establish provisions of a new agreement or variation of the present Agreement or to arbitrate away, in whole or in part, any provision of this Agreement. . . ."

¶ 3 In December 1998, Jarrell was terminated from employment as a police officer "for the good of the service," after City received a complaint—substantiated by a videotape—that Jarrell had repeatedly and unnecessarily sprayed an unarmed prisoner in a municipal jail cell with "pepper spray" under conditions which City found constituted an improper and excessive use of force. Jarrell and FOP filed a grievance with City, thereby

initiating the CBA grievance procedure. City denied the grievance, and FOP thereafter declined to pursue arbitration on Jarrell's behalf.[1]

¶4 Though City questioned and objected to Jarrell's standing under the CBA to pursue arbitration on his own, Jarrell decided to do so. According to Jarrell's own motion for partial summary judgment filed in the trial court, the parties selected an arbitrator to hear Jarrell's grievance with the understanding that an issue to be presented to the arbitrator was whether the grievance was arbitrable, "i.e., whether Mike Jarrell had the legal right to pursue arbitration individually after the FOP vote."

¶5 After the arbitrator was chosen, City moved to dismiss, claiming the CBA did not permit Jarrell to pursue individual arbitration. The arbitrator denied City's motion, finding: (1) the Police and Fire Arbitration Act, 11 O.S.1991 Supp.2000 §§ 51–101 through 51–113, does not confer a right on Jarrell to individually pursue arbitration when his bargaining agent refuses to do so; and (2) the CBA does not require City to arbitrate with an individual grievant when the union has made no demand for arbitration. Even so, the arbitrator went on to hold that City had waived any objection based on the CBA or otherwise, because it "voluntarily agreed to arbitrate the individual grievance" of Jarrell by participating in the selection of an arbitrator and thereby "submitted itself to the jurisdiction of the arbitrator." As such, the arbitrator found City "voluntarily consented" to arbitration and was "bound thereby." The matter proceeded to hearing on the merits, at which the arbitrator found Jarrell's termination was wrongful and entered an order requiring him to be reinstated.

¶6 City did not, and has not, complied with the arbitrator's order. It filed a petition in district court seeking to vacate the arbitra-

tor's decision, claiming again, among other contentions, that Jarrell had no standing to pursue the grievance individually and that the arbitrator's decision allowing him to go forward was erroneous as a matter of law. Jarrell denied City's allegations and counterclaimed for unpaid wages and damages pursuant to the Police and Fire Arbitration Act and 40 O.S.1991 § 165.9.

¶7 Ultimately, Jarrell moved for partial summary judgment seeking to enforce the arbitrator's award, and City moved for summary judgment seeking to vacate the award. The district court sustained City's motion and denied Jarrell's, finding specifically that the arbitrator exceeded his authority. Jarrell has appealed.

■■ ¶8 A threshold issue in any arbitration proceeding is, of necessity, whether the collective bargaining agreement has an arbitration clause broad enough to include the dispute in question—that is, whether the dispute is arbitrable. See *City of Yukon v. Int'l Ass'n of Firefighters, Local 2055*, 1990 OK 48, ¶8, 792 P.2d 1176, 1179. As noted by the Ninth Circuit Court of Appeals: "[T]he 'threshold question' is whether the parties have agreed to arbitrate the subject in dispute, i.e., whether the CBA created a duty in [a party] to arbitrate the particular grievance." *Sheet Metal Workers Int'l Ass'n Local No. 359, AFL–CIO v. Arizona Mechanical & Stainless, Inc.*, 863 F.2d 647, 653 (9th Cir.1988). After the question of arbitrability is determined, however, "[i]f, on its face, the award represents a plausible interpretation of the contract, judicial inquiry ceases." *Id.*

■■■ ¶9 Determining the arbitrability of a dispute *normally* presents a question of law for the courts, as to which a non-deferential standard of review applies, after which the court's role becomes one of reviewing the record to determine whether the arbitrator exceeded his authority. *See City of Musko-*

---

1. This fact was recognized repeatedly by the arbitrator in his "Pre–Hearing Order" denying City's Motion to Dismiss, stating in relevant part, "The grievance was denied by the City Manager leaving the Union with the right under Article 10, Section 4 [of the CBA] to request binding arbitration. The Union voted not to advance the matter to arbitration and so notified the Employer on or

about March 31, 1999." The order further notes that, "On or about June 25, 1999, the President of the Union wrote the Arbitrator to advise ... that the Union had not authorized the arbitration of the discharge of the Grievant and had in fact voted not to appeal to arbitration." Neither party has challenged the truth or accuracy of these statements.

*gee v. Martin,* 1990 OK 70, ¶ 8, 796 P.2d 337, 340; *see also Sheet Metal Workers,* 863 F.2d at 653 (quoting *AT & T Tech., Inc. v. Communications Workers of Am.,* 475 U.S. 643, 649, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986)) ("The [United States] Supreme Court has clearly held that the 'arbitrability' issue is for the courts and not the arbitrator. 'Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator.' "). Once it is established that the collective bargaining agreement's arbitration clause is broad enough to include the dispute, the court's role becomes "strictly limited" to determining whether the arbitrator exceeded his authority. *City of Yukon, 1990 OK 48* at ¶ 8, 792 P.2d at 1179.

¶ 10 As suggested by the cases cited above, the parties may agree to submit the arbitrability issue to an arbitrator for decision as well, in which case the standard of review for an appellate court would be whether the arbitrator exceeded his authority in making that determination. In the case at bar, the undisputed facts show clearly that this exception to the general rule exists: Both parties admitted unequivocally in their trial court papers that they submitted for the arbitrator's determination the question of the arbitrability, under the CBA, of Jarrell's proceeding individually. It is clear, as well, that the arbitrator analyzed and decided this issue in his pre-hearing order finding Jarrell's individual proceeding was not arbitrable under the CBA.

¶ 11 Our reading of the CBA is consistent with this finding by the arbitrator. The procedure for requesting arbitration under Article 10 of the CBA does not suggest that any party other than FOP may request arbitration, and the arbitrator's interpretation of this provision is certainly plausible. Thus, the arbitrator's decision interpreting this CBA language clearly was within his authority.

¶ 12 To the extent the arbitrator went beyond interpreting the CBA on this point, however, he erred. The arbitrator essentially found that, because City consented to the arbitrator's interpretation of arbitrability, it simultaneously consented to arbitration on the merits of Jarrell's grievance. Not only is such a finding inherently unfair, it clearly does not involve interpretation or application of the CBA and thus exceeds the authority granted to the arbitrator by both the CBA and the parties to this dispute.

¶ 13 As quoted above, the CBA strictly limits the arbitrator's authority "to the interpretation and application of the terms of this Agreement" and expressly deprives him of any authority to "establish provisions of a new agreement or variation of the present Agreement or to arbitrate away, in whole or in part, any provision of this Agreement." CBA, Article 10, Section 4.D. By deeming that City "consented"—outside the provisions of the CBA—to arbitrate on the merits an otherwise unarbitrable dispute, the arbitrator essentially did exactly what the CBA said he could not do. He effectively added a variation to the CBA that previously did not exist and "arbitrated away" the provision of the CBA designating FOP as the only party authorized to request arbitration of a grievance.

¶ 14 We therefore agree with the trial court that the arbitrator exceeded his authority in determining City consented to arbitration on the merits, and in then hearing and deciding the matter on the merits. The arbitrator's decision reinstating Jarrell cannot stand and was properly vacated. Accordingly, the trial court's judgment is affirmed.

¶ 15 AFFIRMED.

¶ 16 STUBBLEFIELD, P.J., and RAPP, J., concur.