**SHEET METAL WORKERS INTERNATIONAL ASSOCIATION LOCAL UNION # 420, Plaintiff-Appellee,**

v.

**KINNEY AIR CONDITIONING CO., Defendant-Appellant.**

Nos. 84–5598, 84–5742.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 9, 1985.

Decided March 28, 1985.

Ray F. Van Der Nat, Los Angeles, Cal., for plaintiff-appellee.

Scott H. Dunham, O'Melveny & Myers, Los Angeles, Cal., for defendant-appellant.

Before BROWNING, KENNEDY, and ALARCON, Circuit Judges.

KENNEDY, Circuit Judge:

Pursuant to the terms of a collective bargaining agreement, a Local Joint Adjustment Board made an award against Kinney Air Conditioning Company and in favor of Sheet Metal Workers International Association Local 420. Kinney was ordered to pay Local 420 back wages at the rate prescribed in the agreement for work performed by employees of Air Management, Mechanical & Solar, Inc., an enterprise affiliated with Kinney Air Conditioning Company. Kinney is a signatory to the collective bargaining agreement; Air Management is not. The union filed this action in order to confirm the Board's award, and Kinney counterclaimed to have the award vacated. The district court granted the motion to confirm, denied the motion to

vacate, and awarded attorney's fees in favor of the union.

The collective bargaining agreement provides a two-stage process for dispute resolution. The first stage entails negotiations between the union and the employer. The second stage provides for an appeal of the dispute to the Local Joint Adjustment Board. The agreement further requires the Board to convene within fourteen calendar days following a request for its services.

On July 11, 1983, Local 420 filed with the Board a grievance against Kinney alleging that certain work performed by Air Management employees was covered by the agreement, on the theory that Kinney and Air Management either constituted a single employer or were alter egos of each other. In so doing, Local 420 bypassed the first stage of the grievance procedure. The Board first convened on July 26 and, at that time, granted the union's request for a continuance to enable the joinder of Air Management and its parent Airtron as parties to the proceeding. On August 25, 1983, the California Superior Court foreclosed the possibility of such joinder when it enjoined both the union and the Board from taking any action, directly or indirectly, against either Air Management or Airtron in any proceeding before the Board.

The Board conducted a hearing on September 13, 1983. At the hearing, Kinney requested a continuance in order to investigate the specific facts alleged by the union. This request was denied. After the hearing, the Board found Kinney "to be in violation of the Contract as urged by Local 420."

▮ Arbitration awards made pursuant to a collective bargaining agreement are entitled to considerable deference from the courts. See United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 596, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424 (1960); United Steelworkers v. American Mfg. Co., 363 U.S. 564, 568, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403 (1960). Joint panel awards are entitled to the same degree of deference as those entered by arbitrators. General Drivers, Local No. 89 v. Riss & Co., 372 U.S. 517, 519, 83 S.Ct. 789, 791, 9 L.Ed.2d 918 (1963). Kinney relies upon the statutes and manifest disregard of the law as its grounds for the argument that the arbitration award should be vacated. National Railroad Passenger Corp. v. Chesapeake & Ohio Ry. Co., 551 F.2d 136, 141–42 (7th Cir.1977); Bell Aerospace Co. v. Local 516, UAW, 500 F.2d 921, 923 (2d Cir.1974); Sidarma Societa Italiana di Armamento Spa v. Holt Marine Industries, Inc., 515 F.Supp. 1302, 1306 (S.D.N.Y.), aff'd, 681 F.2d 802 (2d Cir.1981).

Kinney has presented this court with four grounds upon which to vacate the arbitral award: (1) action by the Board in excess of its authority; (2) vagueness and ambiguity in the Board's decision; (3) evident partiality on the part of the Board members; and (4) manifest disregard of the law by the Board. The district court rejected these contentions, finding that "Defendant has failed to present any convincing evidence why the Joint Adjustment Board award should not be confirmed." We agree.

The Federal Arbitration Act authorizes a district court to vacate arbitral awards "where the arbitrators exceeded their powers." 9 U.S.C. § 10(d) (1982); Mediterranean Enterprises v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir.1983). Kinney argues that the Board exceeded its authority in three respects: (1) by allowing Local 420 to bypass the initial stage of the grievance procedure; (2) by failing to convene within fourteen calendar days following the initial request for its services; and (3) by resolving the dispute in contravention of the state court injunction. These contentions are without merit.

▮ The first two grounds urged by Kinney involve procedural matters tangential to the main body of the arbitrable dispute. As such, they become part of the bundle of issues committed to decision by the arbitrator. A mere procedural irregularity provides no basis upon which to conclude that the Board acted beyond its authority. See

*John Wiley & Sons v. Livingston,* 376 U.S. 543, 557, 84 S.Ct. 909, 918, 11 L.Ed.2d 898 (1964); *Retail Delivery Drivers, Local 588 v. Servomation Corp.,* 717 F.2d 475, 478 (9th Cir.1983). Rather, section 10(d) of the Act is designed to enable the district court to vacate an arbitral award which clearly goes beyond the substantive issues submitted by the parties. *See Retail Store Employees Union, Local 782 v. Sav-On Groceries,* 508 F.2d 500, 502–03 (10th Cir. 1975); *Textile Workers Union v. American Thread Co.,* 291 F.2d 894, 897 (4th Cir.1961).

■ Kinney's contention that the Board's decision violated the state court injunction is without factual support. The injunction prohibited Local 420 and the Board from taking any action, directly or indirectly, against either Airtron or Air Management in any arbitration proceedings. The injunction was designed primarily to prevent Local 420 from joining Airtron and Air Management as parties to the arbitration. No such joinder occurred. The Board's award did not purport to bind Airtron or Air Management. It merely required Kinney to pay damages to Local 420. The Board's conduct, therefore, did not violate the state court injunction.

Section 10(d) of the Act authorizes a district court to vacate arbitral awards where "a mutual, final and definitive award upon the subject matter submitted was not made." In its grievance, Local 420 alleged three violations of the collective bargaining agreement: (1) the subcontracting of work to a party who failed in writing to agree to comply with the conditions of employment set forth in the collective bargaining agreement; (2) the performance of covered work in a joint venture with Air Management without complying with the terms of the collective bargaining agreement; and (3) the attempted alteration of the terms of the collective bargaining agreement by virtue of a change in the legal status of a signatory company. Without offering specific reasoning in support of its result, the Board awarded damages against Kinney, finding that it had violated the contract as urged by Local 420.

■ Courts will not enforce an award that is incomplete, ambiguous, or contradictory. *Bell Aerospace Co. v. Local 516, UAW,* 500 F.2d 921, 923 (2d Cir.1974); *Hanford Atomic Metal Trades Council v. General Electric Co.,* 353 F.2d 302, 307–08 (9th Cir.1965). However, the mere fact that the decision underlying the award is ambiguous does not reduce the deference to which the award itself is entitled. *W.R. Grace & Co. v. Local 759, International Union of Rubber Workers,* 461 U.S. 757, 763, 103 S.Ct. 2177, 2182, 76 L.Ed.2d 298 (1983); *George Day Constr. Co. v. United Brotherhood of Carpenters, Local 354,* 722 F.2d 1471, 1477 (9th Cir.1984). Further, an ambiguity in the arbitrator's opinion may be cured by the nature of the award itself. *International Union of Petroleum Workers v. Western Industrial Maintenance, Inc.,* 707 F.2d 425, 429 (9th Cir.1983).

■ The award in this case cannot be vacated on the basis of vagueness. The Board found the crux of the union's grievance in its argument "that there is common ownership and control of both [Kinney and Air Management]; that there has been an exchange and interchange of personnel, supplies and equipment between Kinney and Air Management." The Board agreed with this contention and ruled in favor of the union on this basis. The award itself succinctly states the sanctions imposed against Kinney. It further provides sufficiently specific guidelines to enable Kinney to conform its future conduct to the requirements of the collective bargaining agreement. The award, therefore, is entitled to judicial enforcement.

■ Under section 10(b) of the Act, a district court should vacate an arbitral award if the arbitrators acted with evident partiality. The burden of proving facts which would establish a reasonable impression of partiality rests squarely on the party challenging the award. *Middlesex Mutual Insurance Co. v. Levine,* 675 F.2d

1197, 1201 (11th Cir.1982). The party alleging evident partiality must establish specific facts which indicate improper motives on the part of the Board. The appearance of impropriety, standing alone, is insufficient. *International Produce, Inc. v. Rosshavet,* 638 F.2d 548, 551 (2d Cir.), *cert. denied,* 451 U.S. 1017, 101 S.Ct. 3006, 69 L.Ed.2d 389 (1981).

In this case, Kinney presents three principal facts in an effort to indicate bias on the part of the Board. First, it contends that the management representatives on the Board, as owners of companies that are union contractors in the same geographic area as Kinney, had a pecuniary interest in the outcome that was adverse to Kinney. The Board members, however, were selected in accordance with the requirements of the collective bargaining agreement. When the parties have agreed upon a particular method of dispute resolution, it should generally be presumed fair, and we see no evidence to contradict this presumption here. *See Merit Insurance Co. v. Leatherby Insurance Co.,* 714 F.2d 673, 679 (7th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 529, 78 L.Ed.2d 711 (1983). Additionally, the employers' interests were known to the parties prior to the hearing. Consequently, cases in which courts have faulted arbitrators for their failure to disclose potential sources of bias, *e.g., Commonwealth Coatings Corp. v. Continental Casualty Co.,* 393 U.S. 145, 147–50, 89 S.Ct. 337, 338–40, 21 L.Ed.2d 301 (1968); *Middlesex Mutual Insurance Co.,* 675 F.2d at 1200–02, are inapposite. Finally, Kinney failed to object to the selection of the Board members at the time they were seated and has thereby waived this objection. *Kodiak Oil Field Haulers, Inc. v. Teamsters Union Local 959,* 611 F.2d 1286, 1290 (9th Cir.1980).

Second, Kinney contends that the Board essentially denied it the effective assistance of counsel while demonstrating special solicitude for the legal needs of the union. This argument lacks factual support. Kinney maintains that the Board permitted one of its members, Carl Moore,

to withdraw in order to represent Local 420. Yet Moore had never been impaneled as a Board member. Kinney further argues that the Board denied Kinney the right to have its case presented by Charles Bakaly. Yet the Board minutes for the hearing indicate that Kinney's case was "presented by Ralph Deppisch assisted by Mr. Barkley (sic)." The Board did not deny Kinney its right to the assistance of counsel.

Finally, Kinney claims the Board is guilty of misconduct in refusing to grant Kinney a continuance after twice granting continuances to Local 420. The argument is without merit. On the facts of this case, Kinney's claim of ignorance regarding the specific nature of the charges against it does not amount to good cause for a continuance. Although the arbitrary denial of a reasonable request for postponement may serve as grounds for vacating an arbitral award, *Fairchild & Co. v. Richmond, Fredericksburg & Potomac R.R. Co.,* 516 F.Supp. 1305, 1313 (D.D.C. 1981), it does not appear that the denial in this case was arbitrary. Even repeated rulings against one party to the arbitration will not establish bias absent some evidence of improper motivation. *Bell Aerospace Co.,* 500 F.2d at 923.

Independent of section 10 of the Act, a district court may vacate an arbitral award which exhibits manifest disregard of the law. *American Postal Workers v. U.S. Postal Service,* 682 F.2d 1280, 1284 (9th Cir.1982), *cert. denied,* 459 U.S. 1200, 103 S.Ct. 1183, 75 L.Ed.2d 431 (1983); *George Day Construction Co.,* 722 F.2d at 1477. Kinney maintains that the Board's conclusion, considered in light of the union's disclaimer of interest in representing Air Management employees, reflected a manifest disregard of the applicable law. This contention lacks merit.

Kinney's citation of *Carpenters Local Union No. 1478 v. Stevens,* 743 F.2d 1271 (9th Cir.1984), in support of its position is unavailing. In *Stevens* the arbitrator required a nonsignatory to a collective bar-

 

gaining agreement to pay union wages and benefits to its employees on the basis of her finding that it held "single employer, alter ego, and joint venture status vis-a-vis" a signatory company. *Id.* at 1275. This conclusion contravened a decision rendered by the NLRB in a prior election proceeding holding that the two companies were neither alter egos nor joint employers. In reviewing the arbitration award, this court ruled that the arbitrator's decision was "inconsistent with previous Board findings involving the same parties." 743 F.2d at 1275. We refused to accord the normal degree of deference to the arbitrator's decision and remanded to the district court with instructions to vacate the award.

In the present case, there has been no pronouncement from the NLRB on the single employer issue. The Board's decision, therefore, could not have disregarded a specific edict such as that in *Stevens.* The disclaimer by the union does not render applicable the *Stevens* rationale.

■ Finding that Kinney "was without substantial justification in refusing to comply with the arbitration award at issue," the district court awarded attorney's fees in favor of Local 420. The district court's finding of bad faith in support of the award is reviewed under the clearly erroneous standard. *Western Industrial Maintenance, Inc.,* 707 F.2d at 428.

■ Kinney's opposition to the Board's award in this case was not without substantial justification. Although Kinney has failed in its efforts to have the arbitral award in this case vacated, it has presented colorable arguments in support of its position. No evidence indicates that those arguments were made in bad faith. Our rejection of Kinney's contentions does not permit the contrary inference. The district court's decision to award attorney's fees in favor of the union was clearly erroneous.

That part of the district court order confirming the arbitration award is affirmed.

The award of attorney's fees in favor of the union is reversed.

AFFIRMED IN PART; REVERSED IN PART.