614 F.Supp. 874 (1985)
LOCAL 2, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO, Plaintiff,
v.
GERSTNER ELECTRIC, INC., Defendant.
No. 84-2788 C (3).
United States District Court, E.D. Missouri.
July 11, 1985.
*875 James I. Singer, St. Louis, Mo., for plaintiff.
Robert B. Vining, Donald J. Meyer, Clayton, Mo., for defendant.

MEMORANDUM
HUNGATE, District Judge.
This matter is before the Court on the parties' cross-motions for summary judgment.
Plaintiff brought this action seeking enforcement of an arbitration award entered by a joint labor-management committee (Committee). Defendant counterclaimed seeking to vacate the award.
Defendant was a member of a multi-employer bargaining group whose bargaining agent was the St. Louis Chapter, National Electrical Contractors Association (St. Louis Chapter). The St. Louis Chapter and plaintiff were parties to a collective bargaining contract for the period September 1, 1981, through August 31, 1982. Defendant was bound to this contract by a Letter of Assent.
On April 28, 1982, the St. Louis Chapter notified its members that effective June 1, 1982, it would relinquish its bargaining rights with plaintiff. The St. Louis Chapter also recommended to its members that they assign their bargaining rights to the Missouri Valley Line Constructors Chapter, National Electric Contractors Association (Missouri Valley Chapter) through a new Letter of Assent by June 1, 1982, to enable the Missouri Valley Chapter to negotiate the new collective bargaining contract that would take effect on September 1, 1982.
On May 13, 1982, defendant executed a Letter of Assent that authorized the Missouri Valley Chapter as its collective bargaining representative. The authorization became effective June 1, 1982, and remains effective until defendant terminates the agreement by giving written notice to plaintiff and the Missouri Valley Chapter. *876 The Letter of Assent transfers defendant's bargaining authority to the Missouri Valley Chapter "for all matters contained in or pertaining to the current approved Commercial-Industrial labor agreement" between plaintiff and the Missouri Valley Chapter. Such an agreement did not exist, however, until September 1, 1982, because the collective bargaining contract between plaintiff and the St. Louis Chapter was valid until August 31, 1982.
Plaintiff filed grievances against defendant on August 23, 1983, and July 31, 1984, alleging that defendant assigned certain work to members of a different union in violation of the collective bargaining contract. Pursuant to the terms of that contract, the Committee considered the grievances against defendant and on August 27, 1984, entered its award against defendant for the two pending grievances.
Defendant advances four grounds to vacate the arbitral award: (1) action by the Committee in excess of its authority; (2) partiality on the part of Committee members; (3) incompleteness of the award; and (4) failure of the award to draw its essence from the contract.
While assessing defendant's challenges, the Court must remember that the scope of judicial review of arbitral awards is extremely limited. Nolde Brothers, Inc. v. Bakery Workers Local 358, 430 U.S. 243, 253-54, 97 S.Ct. 1067, 1073, 51 L.Ed.2d 300 (1977); Iowa Beef Processors v. Meat Cutters, 627 F.2d 853, 856 (8th Cir.1980). Further, joint panel awards are entitled to the same judicial deference as those entered by arbitrators. General Drivers, Local No. 89 v. Riss & Co., 372 U.S. 517, 519, 83 S.Ct. 789, 791, 9 L.Ed.2d 918 (1963). In this light, none of defendant's arguments have merit.
The Committee did not exceed its authority. Defendant asserts that the language of its May 13, 1982, Letter of Assent binds it only to the "current approved Commercial-Industrial labor agreement" between plaintiff and the Missouri Valley Chapter. Because no such agreement existed until September 1, 1982, defendant argues that its Letter of Assent authorizes nothing and that it is not bound by any collective bargaining contract executed at a later date.
Defendant's interpretation is unreasonable. The Letter of Assent binds defendant to the "current approved" collective bargaining contract and remains effective until defendant terminates the authorization. The parties knew when they executed their Letter of Assent in May of 1982 that a collective bargaining contract between plaintiff and the Missouri Valley Chapter would not exist until September 1, 1982, and that this contract would be renegotiated periodically (renegotiation previously has occurred annually). Therefore, the only reasonable interpretation of defendant's Letter of Assent is that it authorizes the Missouri Valley Chapter to bargain for defendant under whichever collective bargaining contract is currently approved until defendant terminates its authorization.[1] Defendant has never terminated its Letter of Assent and therefore is bound to the Committee award.
It is not necessary to decide whether defendant was bound by the collective bargaining contract between plaintiff and the St. Louis Chapter between June 1, 1982, and September 1, 1982. The Committee entered its award only for contract violations occurring after June 1, 1983.
Defendant's claim of partiality of Committee members is not timely. Defendant waived this objection by failing to object to the selection of the Committee members at the time they were seated. Sheet Metal Workers International Association, Local 420 v. Kinney Air Conditioning Co., 756 F.2d 742, 746 (9th Cir. 1985).
*877 The Committee's award is complete and enforceable. Paragraph II on page 4 of the Committee's award provides that:
Payment is to be made to the four hiring hall applicants registered, with the classifications shown above, on each day from June 1, 1983 forward for eight hours each day until the amount of hours has been exhausted. Local 2, IBEW is to furnish the list of such persons showing the name of the employee, the employee's social security number, and the hours of work to which he should have been entitled and the amount of payment to which he is due from Gerstner Electric, Inc. which list is attached hereto and made a part of this Order, and for hours referred to in paragraph 4 above.
The Committee's award, however, did not include the prescribed list of hiring hall registrants entitled to backpay. After realizing this error, plaintiff compiled the registrant list and submitted it to its attorneys. Plaintiff's attorneys forwarded the list to defendant on April 18, 1985.
Defendant argues that the original award was incomplete and unenforceable because it did not contain the registrant list, and that the list tendered by plaintiff's attorneys did not cure this defect. To support this latter contention, defendant points to deposition testimony of plaintiff's agents in which plaintiff's business manager states that he included only three names in the list and in which plaintiff's business representative shows confusion as to whether plaintiff maintained sufficient records to generate such a list.
The Arbitration Act provides that an arbitral award may be vacated if it is not "mutual, final, and definite." 9 U.S.C. § 10(d)(1982). Defendant's attack, however, is not aimed at the clarity of the Committee's award, only the identity of the beneficiaries of that award. As noted above, the Committee found that four registrants were to be paid as specified and that plaintiff was to determine the identity of those registrants. Thus, the Committee award is definite. Further, neither the procedures plaintiff used to determine the names of the registrant-payees nor its tardiness in providing defendant with those names cloud the award's certainty.
Even if the Court was to find that the Committee award was unclear, the appropriate remedy would be remand of the matter to the Committee for clarification, rather than vacatur of the award. Harvill v. Roadway Express, Inc., 640 F.2d 167, 170 (8th Cir.1981); Sea Dragon, Inc. v. Gebr. Van Weelde Scheepvaartkantor, 574 F.Supp. 367, 371 (S.D.N.Y.1983). In this case, however, remand would serve no purpose. The Committee only could ask plaintiff to supply the names it already has furnished in compliance with the terms of the award. Thus, there is no need "to put the parties to the expense and burden of further litigation." Harvill, supra at 170.
The Committee award draws its essence from the collective bargaining contract. Defendant argues that the award draws its essence from plaintiff's constitution and by-laws because plaintiff's business representative, who also was a Committee member, stated in deposition testimony that he relied upon these documents in finding a contract violation.
Defendant's argument is not persuasive. Confusion on the part of one Committee member about his grounds for entering the award at most evidences a flaw in that member's reasoning process. This fact is insufficient to vacate the award. United Steel Workers v. Enterprise Wheel and Car Corp., 363 U.S. 593, 598, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960).
Finally, both parties seek costs and attorney's fees in connection with the cause before this Court. Although defendant's arguments were meritless, they were not so lacking in good faith as to require it to pay plaintiff's attorney's fees. See Fed.R. Civ.P. 56(g). Plaintiff's claim for costs, however, is granted. See Fed.R.Civ.P. 54(d).
Accordingly, plaintiff's motion for summary judgment and its claim for costs will *878 be granted. Defendant's motion for summary judgment will be denied.
NOTES
[1] Such a Letter of Assent might not confer plenary authority to a bargaining agent to bind an employer to any and all terms of subsequent collective bargaining contracts. Cf. McDonald v. Hamilton Electric, Inc., 666 F.2d 509, 512-13 and n. 6 (11th Cir.1982). This Court expresses no opinion on this issue.