798 F.2d 471
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
YAMAHA INTERNATIONAL CORPORATION, d/b/a Everett Piano
Company, Plaintiff and Counter-Defendant-Appellant,
v.
UNITED FURNITURE WORKERS OF AMERICA, AFL-CIO, Defendant and
Counter-Plaintiff-Appellee.
 No. 85-1595.
 United States Court of Appeals,
Sixth Circuit.
 June 10, 1986.
 
 Before KEITH and NELSON, Circuit Judges and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Yamaha International Corporation (the company) appeals from a district court order enforcing an arbitration award in favor of defendant United Furniture Workers of America, AFL-CIO (the union). We affirm for the following reasons.
 
 
 2
 In July 1984, the company and union submitted the discharge grievance of Yamaha employee Marie Piper to arbitration. On her grievance form, Piper stated she had been improperly discharged for performing substandard work as a hand sander because the company had provided sanders poor quality parts and had failed to set rates for quantity. Plaintiff claimed her discharge violated Article XXIII of the collective bargaining agreement "and others".
 
 
 3
 The arbitrator determined that the company properly removed Piper from her sanding job for substandard performance. However, the arbitrator found that Piper suffered from a physical handicap and the inflexibility of advanced age, and was therefore entitled to be reassigned to a less demanding position under Article VII, Section 3 of the agreement. The district court determined that the arbitrator had not exceeded his authority by applying Article VII when the grievance form cited only Article XXIII. The court determined that Article XXIII applied because the record supported the conclusion the company had set production standards in a productivity requirements letter it issued on December 13, 1982. The court found Article VII, Section 3 applicable through Section 4 of Article XXIII which requires the company to apply Article VII, Section 3 or Article XI, Section 8 to reassign or reduce output requirements for employees failing to properly perform due to a verified physical handicap.
 
 
 4
 On appeal, the company contends the arbitrator exceeded the scope of the issue submitted by considering sections of the collective bargaining agreement and issues which Piper did not specify on her grievance form. We do not agree. Determination of Piper's remedies, if any, after proper removal from her hand-sander position is sufficiently integral to interpretation of Article XXIII and the issue of proper discharge to uphold the arbitrator's consideration of this issue, particularly where the grievance form fails to expressly exclude such consideration. Johnston Boiler Co. v. Lodge No. 893, etc., 753 F.2d 40, 43 (6th Cir. 1985). The arbitrator is not required to "stay narrowly within the technical limits of the [grievance] submission," id. and in fact has a duty to resolve all implied issues integrally related to the issue under submission. Sheet Metal Workers International Association v. Kinney Air Conditioning Co., 756 F.2d 742, 745 (9th Cir. 1985).
 
 
 5
 The company next argues that Article XXIII cannot be considered because production standards were not set. However, where the record shows the company may have set such standards in a productivity requirements letter, this court must uphold the arbitrator's finding that Article XXIII is applicable to the Piper issues before him. Storer Broadcast v. American Federation of Television and Radio Artists, Cleveland Local, 600 F.2d 45, 47 (6th Cir. 1979).
 
 
 6
 The company next argues that even if Article XXIII applies, no verified physical handicap triggered the application of Section 4. We do not agree. Section 4 of Article XXIII provides:
 
 
 7
 ... If the employee cannot perform up to standard due to a verified physical handicap or disability which significantly affects his ability to perform his job, the company will, at its option, either exempt the employee from 100% performance by applying Article VII, Section 3 and/or applying Article XI, Section 8 to transfer the employee to a different job classification.
 
 
 8
 Jt. App. at 32 (emphasis added). The record shows that in a letter dated December 13, 1982, the company instructed Piper to take a medical leave of absence because her eyes were causing her problems and hampering her work. Jt. App. at 47. In our view, the presence of such evidence in the record requires this court to uphold the arbitrator's finding of disability sufficient to trigger the company's duty under Article VII, Section 3 or Article XI, Section 8 to reassign or reduce her workload. Storer Broadcasting Co. v. American Federation of Television and Radio Artists, Cleveland Local, AFL-CIO, 600 F.2d at 47.
 
 
 9
 Upon review of the record, the briefs and oral argument of counsel, we conclude the arbitrator's award does not exceed the scope of the issue submitted, or modify the collective bargaining agreement. In our view, the award must be enforced because it draws its essence from the agreement and is based upon factual findings which are not devoid of support in the record. United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597 (1960). Accordingly, the district court order enforcing the arbitration award dated July 3, 1984 and awarding back pay to Marie Piper from that date to June 20, 1985, is hereby affirmed.