976 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
INTERNATIONAL UNION OF ELEVATOR CONSTRUCTORS; Local 23
International Union of Elevator Constructors,
Plaintiffs-Appellees,
v.
TOTAL ACCESS ELEVATOR COMPANY, INC., and its alter ego Total
Access, Inc.; Total Access, Inc., Defendants-Appellants.
 No. 91-35379.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 8, 1992.
Decided Sept. 24, 1992.
 
 Before GOODWIN, TANG and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Total Access Elevator Company ("Total Elevator") and Total Access, Inc., ("Total Access") (collectively, "Companies") appeal the judgment of the district court enforcing a grievance decision in favor of the plaintiffs, an international union and its Oregon local (collectively, "Union"). The district court also ordered the Companies to abide by a collective bargaining agreement, even though Total Access has not signed the agreement. The Companies challenge the district court's determination on summary judgment that Total Elevator and Total Access are alter-egos. They also attack the judgment on the grounds that the Union's enforcement action was untimely and that certain defenses should bar enforcement of the grievance award. We affirm.
 
 
 3
 * Total Elevator and Total Access contend the district court erred in concluding that the Union's action was timely filed. We disagree.
 
 
 4
 The district court accepted the Companies' assertion that, under 29 U.S.C. § 160(b), the Union had six months within which to file the present action. However, in General Teamsters Union Local No. 174 v. Trick & Murray, Inc., 828 F.2d 1418, 1422-24 (9th Cir.1987), we held that the statute of limitations applicable to the typical breach-of-contract-type claim under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, is the analogous state limitations statute, not the six-month limitation set out at 29 U.S.C. § 160(b).
 
 
 5
 In Trick & Murray, a union sought to recover damages for breach of a collective bargaining agreement after the employer unilaterally withdrew its recognition of the union. The case here is analogous. Indeed, insofar as the Union contends that Total Elevator has repudiated the collective bargaining agreement, the injury is identical to that in Trick & Murray. Although the Union here seeks prospective relief, and the union in Trick & Murray only sought damages, we regard this distinction as insignificant.
 
 
 6
 The Union's claim against Total Access is somewhat different because there is no explicit indication that Total Access adopted the collective bargaining agreement. Nevertheless, we conclude this claim is also a straightforward breach-of-contract-type claim. Accordingly, the six-month statute of limitation is not applicable to these causes of action. Because the Companies do not assert an alternative statute of limitations, it is unnecessary to consider further the timeliness of this action.
 
 II
 
 7
 * This court reviews a grant of summary judgment de novo to determine whether, viewing the evidence in a light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 8
 The question whether two entities are alter-egos is "uniquely" factual and "not resolvable as a pure matter of law." Sheet Metal Workers Int'l Ass'n, Local No. 359 v. Arizona Mechanical & Stainless, Inc., 863 F.2d 647, 652 n. 5 (9th Cir.1988). On summary judgment, we will only uphold the district court's ruling on alter-ego status if its conclusion is sufficiently obvious that reasonable minds could not differ. Cf. TSC Indus., Inc. v. Northway, Inc., 426 U.S. 438, 450 (1976) (discussing propriety of summary judgment on mixed question of law and fact).
 
 B
 
 9
 To decide whether one entity is an alter ego of another, "the court considers the interrelation of operations, common management, centralized control of labor relations, and common ownership." Gateway Structures, Inc. v. Carpenters 46 N.Cal. Counties Conference Board, 779 F.2d 485, 488 (9th Cir.1985); accord Brick Masons Pension Trust v. Industrial Fence & Supply, Inc., 839 F.2d 1333, 1336 (9th Cir.1988). "The critical inquiry is whether an employer is using a non-union company in a sham effort to avoid collective bargaining obligations." Id. The alter-ego determination is made as a matter of federal law. See id.; NLRB v. Jonas (In re Bel Air Chateau Hosp.), 611 F.2d 1248, 1251 (9th Cir.1979).
 
 
 10
 Here, the district court reviewed the evidence before it and concluded that Total Access was the alter-ego of Total Elevator. On appeal, the Companies cite five factors that allegedly preclude summary judgment.[1]
 
 1. Sales Agreement
 
 11
 The Companies argue that, in granting summary judgment, the district court failed to take into account facts indicating that Total Elevator retained responsibility for certain obligations when it sold assets to Total Access. The Companies' argument here is flawed, however, because it assumes that the district court correctly applied state law in deciding the alter-ego issue.
 
 
 12
 To test whether Total Access was an alter-ego, the district court followed Schmoll v. ACandS, Inc., 703 F.Supp. 868 (D.Or.1988). The issue in Schmoll was whether a successor corporation would be liable under state law for torts committed by its predecessor. Id. at 872. One of the factors in deciding the question was whether "the purchasing corporation expressly or impliedly agree[d] to assume those liabilities." Id.
 
 
 13
 While the question whether Total Access agreed to assume liabilities of Total Elevator might have been relevant under Schmoll, we think the issue bears little relationship to the federal question whether the Companies were operating as a sham to avoid collective bargaining obligations. The agreement whereby Total Elevator retained certain obligations did not foreclose the district court's decision on summary judgment.
 
 
 14
 2. Exchange of Money and Mrs. Casady's Business Experience
 
 
 15
 The Companies also argue that the district court ignored other characteristics of the sale indicating the transaction occurred at arms-length. Appellants point to evidence that substantial sums of money exchanged hands, and that the purchaser--Chris Casady's mother--had substantial business experience. These facts are relevant, but they do not preclude summary judgment in view of the undisputed evidence on which the district court relied.
 
 3. Date of Incorporation
 
 16
 The third factor raised by the Companies is the delay in incorporating Total Access. The Companies contend that the district court erred in partially relying on this fact. Specifically, the appellants contend that no inference of alter-ego status can be drawn from the fact that Total Access operated as a sole proprietorship from the date of its formation, June 1988, until its incorporation in February 1989.
 
 
 17
 The absence of corporate status means that there is one less veil to pierce in finding that the two Companies were alter-egos. Thus, contrary to the Companies' assertion, the delay is relevant, at least in deciding whether the Companies were alter-egos for the purpose of Phil Waste's employment. Waste purportedly worked for Total Access for one year beginning in June 1988. Thus, Total Access's status as a sole proprietorship during this time is somewhat significant to the grievance award regarding Waste's wages.
 
 4. Scope of Waste's Employment
 
 18
 The Companies further contend that there was sufficient evidence that Phil Waste was hired to perform residential work to warrant a trial on the question whether Total Elevator used Total Access as an alter-ego for the purpose of employing Waste. Chris Casady admits, however, that Waste did do some commercial work, which was the province of Total Elevator. Although Casady attributes this overlap in assignments to a "transition period" during which Total Access was allegedly spinning off from Total Elevator, this is not enough to avoid alter-ego status. There is no general "transition period" exception to collective bargaining commitments. Because there was a period during which reasonable minds would not differ that the Companies were alter-egos, summary judgment was appropriate.
 
 5. Miscellaneous Facts
 
 19
 In their brief, the Companies review the many facts educed during the summary judgment proceedings. Here, the Companies generally assert the need for "a physical trial of the evidence through live witnesses[.]" This argument basically asserts that summary judgment is inappropriate on factually-oriented mixed questions. As discussed above, however, summary judgment is appropriate where reasonable minds could not differ about the outcome. We conclude the district court did not err in granting the Union's motion for summary judgment.
 
 III
 
 20
 Next, the Companies argue that the grievance award should not be enforced because of the arbitration tribunal's built-in hostility and procedural irregularities. The district court held that the Companies were barred from raising these defenses because they did not file a timely action to vacate the grievance award. There is some debate whether this issue has been preserved for appeal.
 
 
 21
 In any event, summary judgment was properly granted against the Companies on the merits of these issues. The Companies cannot complain that the grievance panel was composed of biased parties when the panel members were chosen in accordance with the collective bargaining agreement. The biases that the Companies now allege as bases for disqualification are the same interests used in the collective bargaining agreement to identify eligible panel members. Thus, these interests are not sufficient to overcome the presumption that the panel was properly composed. See Sheet Metal Workers Int'l Ass'n Local Union # 420 v. Kinney Air Conditioning Co., 756 F.2d 742, 746 (9th Cir.1985).
 
 
 22
 The Companies also charge that they should have been able to examine the Union's business agent regarding an oral modification to the collective bargaining agreement signed by Total Elevator. However, the Companies cite no provision in the grievance procedures that requires the Union to produce witnesses for the Companies to examine. Furthermore, it is doubtful whether the business agent's testimony would have been relevant, given that the grievance panel apparently viewed the written instrument as an integrated document. See supra note 1. No basis for reversal appears on these grounds.
 
 IV
 
 23
 The district court correctly held the Union's action to be timely. We also agree with the district court that the alter-ego status of Total Access is sufficiently clear to warrant summary judgment. Finally, the district court did not err in rejecting the Companies' defenses to enforcement of the grievance award. Accordingly, the judgment of the district court is
 
 
 24
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Total Elevator also contends that, in enforcing the grievance award against it, the district court ignored evidence that Chris Casady signed the collective bargaining agreement after stating that it would only apply to commercial operations, not residential. Because the arbitrators' decision to ignore any such oral modification represents a plausible approach to interpreting a written contract, "judicial inquiry ceases and the award must be enforced." Gateway Structures, 779 F.2d at 489 (quotation omitted). We therefore decline further consideration of this issue. See also Interior Finish Contractors Ass'n v. Drywall Finishers Local Union No. 1955, 625 F.Supp. 1233, 1243 (E.D.Pa.1985) (enforcing arbitration decision because, if read as applying the parol evidence rule, essence of decision was drawn from the parties' agreement)
 The Companies further contend that the district court lacked jurisdiction over Total Access. As the Companies concede, however, this issue turns on whether Total Access was an alter-ego of Total Elevator.