33 F.3d 59
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
LABORERS INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 872,
AFL-CIO, Petitioner-Appellant,
v.
QUALITY MECHANICAL CONTRACTORS, INC., a Nevada corporation;
MGM Grand, Inc., a Delaware corporation,
Respondents-Appellees.
 No. 93-15228.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 12, 1994.
Decided Aug. 16, 1994.
 
 Before: NORRIS, THOMPSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 On October 18, 1990, in connection with its plans to construct the MGM Grand Hotel, MGM entered into an agreement with the Building and Construction Trades Council of Southern Nevada ("the Council") and its affiliated labor organizations ("the Union"). Pursuant to this agreement ("the Project Agreement"), all contractors hired for the project were to become signatories of the Project Agreement and notify the Council that they were awarded a contract. In addition, each contractor was to assign work to the Union members who traditionally had jurisdiction to perform such work.
 
 
 3
 MGM designated Taylor International ("Taylor") as the project manager. Taylor hired Duell Management Corporation ("Duell") as the construction manager. In May 1992, Duell awarded Quality Mechanical Contractors, Inc. ("Quality") a contract to install a sanitary sewer system, a storm drain system, water pipes, landscape sprinkler pipes and manholes. Quality assigned the sewer and storm drain work to employees represented by the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry, Local 525 ("Plumbers"), instead of employees represented by the Union. In addition, Quality failed to notify the Council that it was awarded the contract. The Union initiated grievance procedures.
 
 
 4
 As required in the Project Agreement, the parties submitted the dispute to a five-person Joint Arbitration Board ("JAB"), consisting of two members chosen by the employer, two members chosen by the Union, and a fifth member chosen by the other four members. The JAB issued an arbitration award, concluding that there "shall be no change in the assignment of work by Quality" because the claim was considered untimely. However, it stated that "[f]uture work of the same nature will be performed by the [Union] in accordance with the Collective Bargaining Agreements."
 
 
 5
 The Union filed a petition to modify or vacate the arbitration award in the United States District Court for the District of Nevada, under 29 U.S.C. Sec. 185(a). The district court dismissed the petition for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The Union appeals the dismissal, arguing it plead sufficient facts to support a claim that the arbitration award should be vacated because: 1) it was tainted by the appointment of a biased person on the JAB; 2) it did not draw its essence from the Project Agreement; and, 3) it does not follow the scope and purpose of the Project Agreement. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291.
 
 
 6
 * A dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is a ruling on a question of law which we review de novo. Oscar v. University Students Cooperative Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992). "In reviewing a 12(b)(6) dismissal, all allegations of material fact in the complaint are taken as true and are construed in the light most favorable to the nonmoving party." Id. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45 (1957).
 
 
 7
 Although "the refusal of courts to review an arbitration award is the proper approach to arbitration under collective bargaining agreements," an arbitration award is "legitimate only so long as it draws its essence from the collective bargaining agreement." United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 596-97 (1960). "Therefore, if on its face, the award represents a plausible interpretation of the contract, judicial inquiry ceases and the award must be enforced." George Day Constr. Co. v. United Bhd. of Carpenters & Joiners, Local 354, 722 F.2d 1471, 1477 (9th Cir.1984); accord Desert Palace v. Local Joint Executive Bd., 679 F.2d 789, 792 (9th Cir.1982). "The correctness of the arbitrator's reasoning and conclusion 'is not relevant to a reviewing court so long as the award complies with these standards.' " Desert Palace, 679 F.2d at 792.
 
 A. Arbitrator Bias
 
 8
 The Union argues the award should be vacated because Robert Thorniley, an employee of Duell, was a member of the JAB. It claims Duell is a party to the dispute because MGM, which entered into the collective bargaining agreement with the Union, authorized Taylor as its representative, and Taylor hired Duell as construction manager. Thus, argues the Union, because Thorniley is an employee of Duell, he was a party to the dispute who should not have been appointed to the JAB.
 
 
 9
 The Union's amended petition alleges that the Union filed its grievance with Taylor, "alleging a violation of the Project Agreement by MGM when it awarded the contract for said work to Quality." However, the grievance letter, appended to the amended petition as Exhibit 2, does not mention Duell or claim Duell is a party to the dispute, and the Union's petition indicates that the only parties to submit evidence to the JAB were Plumbers, the Union and Quality. In addition, the Union alleges it objected to Thorniley's appointment, but nevertheless proceeded to participate in the hearing on the merits. From this we infer that the JAB did not consider Duell a party to the dispute. In light of the courts' deferential standard of reviewing arbitration awards, the district court properly concluded that "no member of the JAB was a party to the dispute."
 
 
 10
 The Union also claims the district court should have found sufficient facts to support a claim of evident partiality. Title 9 U.S.C. Sec. 10(a)(2), states that a district court "may make an order vacating the award upon the application of any party to the arbitration ... [w]here there was evident partiality or corruption in the arbitrators." "The burden of proving facts which would establish a reasonable impression of partiality rests squarely on the party challenging the award. The party alleging evident partiality must establish specific facts which indicate improper motives on the part of the Board. The appearance of impropriety, standing alone, is insufficient." Sheet Metal Workers Int'l Ass'n, Local 420 v. Kinney Air Conditioning Co., 756 F.2d 742, 745-46 (9th Cir.1985) (citations omitted); see also Toyota of Berkeley v. Automobile Salesmen's Union, Local 1095, 834 F.2d 751, 755 (9th Cir.1987), cert. denied, 486 U.S. 1043 (1988).
 
 
 11
 The Union's petition does not allege that Thorniley had a pecuniary interest in the outcome of the case. Even if it did, the members of the JAB "were selected in accordance with the requirements of the collective bargaining agreement. When the parties have agreed upon a particular method of dispute resolution, it should generally be presumed fair." Sheet Metal Workers, 756 F.2d at 746.
 
 
 12
 The Union relies on American Guaranty Co. v. Caldwell, 72 F.2d 209 (9th Cir.1934), and Commonwealth Coating Corp. v. Continental Casualty Co., 393 U.S. 145 (1968), to support its position. These cases are distinguishable. In American Guaranty, the Ninth Circuit invalidated an arbitration award because the arbitrator was not appointed in accordance with the agreement and had a business relationship with one of the parties. 72 F.2d at 212. We stated: "These facts, taken together, warranted the setting aside of an award made by such an arbitrator as inherently partial, even though not corrupt or fraudulent." Id. (emphasis added). The Union does not allege that Thorniley's appointment to the JAB contravened the Project Agreement, but relies solely on his alleged business relationship with the parties. This appearance of impropriety, standing alone, is an insufficient basis to establish a claim of evident partiality. See Sheet Metal Workers, 756 F.2d at 746.
 
 
 13
 In Commonwealth Coatings, the Supreme Court invalidated an arbitration award because the one "neutral" member of a three-person arbitration panel had undisclosed business connections with one of the parties to the dispute. 393 U.S. at 146. In invalidating the arbitration award, the Court emphasized the importance of disclosing a business relationship to the parties to a dispute. Id. at 149; see also Sheet Metal Workers, 756 F.2d at 746. In the instant case Thorniley's alleged "interests were known to the parties prior to the hearing," id., so Commonwealth Coating is inapposite. Thus, assuming the Union's allegations as true, bias is not a basis upon which relief can be granted.
 
 
 14
 B. Award Draws Essence From Project Agreement
 
 
 15
 Appellant claims the arbitration award exceeded the directives and restrictions of the Project Agreement because the JAB concluded that a change in assignment would create a hardship on Quality because the sanitary sewer work was 90% complete and the storm drain system was 40% complete. The Union claims the JAB exceeded its authority under the Project Agreement because the JAB is not to take into account the wage rates paid or the inequities or unfairness of reassigning work to another union. Article 9, p 10 of the Project Agreement states: "In the resolution of jurisdictional disputes ... the JAB shall take into account the qualifications, skills, and proficiency of the members of the competing craft Unions to the work involved and decisions of record and Letters of Agreement shall serve as guidelines." This language does not limit the JAB to take into account only these considerations. The arbitration award, therefore, is a plausible interpretation of the Project Agreement. See George Constr., 722 F.2d at 1477.
 
 
 16
 C. Award Follows Purpose and Framework of Project Agreement
 
 
 17
 Appellant argues the award is not in accordance with the purpose and framework of the Project Agreement because the remedy awards "future" work to the Union, instead of awarding work on the disputed projects. However, the Supreme Court has stated that "[w]hen an arbitrator is commissioned to interpret and apply the collective bargaining agreement, he is to bring his informed judgment to bear in order to reach a fair solution of a problem. This is especially true when it comes to formulating remedies." United Steelworkers, 363 U.S. at 597 (emphasis added). The Project Agreement does not impose limits on the type of remedy the JAB may award. Therefore, on its face, the arbitration award is a plausible interpretation of the contract. See George Constr., 722 F.2d at 1477.
 
 II
 
 18
 Respondents request this court to award costs and attorney's fees, pursuant to Federal Rule of Appellate Procedure 38(a). In Rostad & Rostad v. Investment Management and Research, Inc., 923 F.2d 694, 697 (9th Cir.1991), we awarded attorney's fees and double costs where a petitioner's challenge to an arbitration award primarily attacked the arbitrators' factual determinations. In that case we held that the petitioner "persisted in resisting an arbitrators' award which its own form contract made possible " and presented a meritless opposition. Id. This is not that case, and the instant appeal is not completely without merit. We decline to award attorney's fees or double costs.
 
 
 19
 We AFFIRM dismissal of the petition.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3