Louis BARINAGA, Claimant–Appellee,

v.

Marvin COX, Respondent–Appellant,

and

UBS Paine Webber, Inc., Respondent.

No. 07–35140.

United States Court of Appeals,
Ninth Circuit.

Submitted March 18, 2009.*

Filed April 7, 2009.

Louis Barinaga, Vancouver, WA, pro se.

Marvin Cox, Tigard, OR, pro se.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

Marvin Cox appeals pro se from the district court's judgment denying his motion to vacate an arbitration award entered against him by the National Association of Securities Dealers. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's legal conclusions, *Coutee v. Barington Capital Group, L.P.,* 336 F.3d 1128, 1132 (9th Cir.2003), and we affirm.

The district court properly concluded that the arbitrators' decision to deny Cox's requests for a postponement of the arbitration hearing did not warrant vacatur of the arbitration award. *See Sheet Metal Workers Int'l Ass'n Local # 420 v. Kinney Air Conditioning Co.,* 756 F.2d 742, 746 (9th Cir.1985); *see also Kyocera Corp. v. Prudential–Bache Trade Servs., Inc.,* 341 F.3d 987, 998 (9th Cir.2003) (en banc) (explaining that federal courts have "extremely limited review authority" over arbitration decisions). Cox has not assigned any other error to the district court's decision to deny the motion to vacate. *See Cook v. Schriro,* 538 F.3d 1000, 1014 n. 5 (9th Cir.2008) (explaining that issues not raised on appeal are deemed abandoned).

The district court did not abuse its discretion by resolving Cox's motion without holding an evidentiary hearing or by denying Cox's request at oral argument to file additional evidence. *See* Fed.R.Civ.P. 81(a)(6)(B) (stating that the Federal Rules of Civil Procedure apply to proceedings under "9 U.S.C., relating to arbitration" except as otherwise provided); *United Commercial Ins. Serv., Inc. v. Paymaster Corp.,* 962 F.2d 853, 858 (9th Cir.1992) (explaining that district courts have broad discretion under Federal Rule of Civil Procedure 43 in determining whether to consider oral testimony in ruling on motions); *see also Christian v. Mattel, Inc.,* 286 F.3d 1118, 1129 (9th Cir.2002) ("The district court has considerable latitude in managing the parties' motion practice[.]").

Cox's remaining contentions are unpersuasive.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.