**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

THE SUNRISE TRUST, *et al.*,

          Plaintiffs - Appellants,

  v.

MORGAN STANLEY & Co., Inc., *et al.*,

          Defendants - Appellees.

No. 12-17456

D.C. No. 2:12-cv-00944-JCM-PAL

MEMORANDUM *

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted January 13, 2014
San Francisco, California
Before: ALARCÓN, TALLMAN, and IKUTA, Circuit Judges.

Plaintiffs-Appellants The Sunrise Trust and Susan King appeal from the

District Court's judgment confirming an arbitration award.[1]  We have jurisdiction

---

[1] King was not a party to the arbitration; the Trust was the only claimant in
the arbitration.  Only a party to an arbitration may move to vacate the resulting

* This disposition is not appropriate for publication and is not precedent,
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument, pursuant to Fed. R. App. P. 34(a)(2)(B) & (C).

pursuant to 28 U.S.C. § 1291, and we affirm.

In general, the Trust argues that the arbitration panel is "guilty of misconduct in refusing to postpone the [arbitration] hearing," pursuant to 9 U.S.C. § 10(a)(3). The record, however, does not support the Trust.

When the Trust, though its counsel, moved for a postponement six days before the hearing based on King's health, the panel provided a number of reasons to support its ruling that the hearing would proceed as scheduled. The panel stated that it had previously granted the Trust a postponement, that the Trust's motion had been made "within days of the scheduled hearing" for a "second time," that the respondents had not joined in the request, that "far too many" witnesses were expected to attend the hearing, and that it would "make arrangements for Ms. King's testimony at a later date" because she was a witness, but "not the Claimant in this case." The panel's ruling was not an "arbitrary denial of a reasonable request for postponement." *Sheet Metal Workers Int'l Ass'n Local Union No. 420 v. Kinney Air Conditioning Co.*, 756 F.2d 742, 746 (9th Cir. 1985).

Following the panel's ruling, King decided to represent the Trust herself and requested postponements four days before the hearing and at the hearing's

---

award. 9 U.S.C. § 10. Accordingly, this Court has construed all claims and arguments asserted by the Trust and King as made on behalf of the Trust, which was a party to the arbitration.

commencement.  The panel rejected both requests.  The record does not indicate

any material development between these latter requests and the former request,

except for King's decision to represent the Trust herself.  In these circumstances, in

light of the panel's prior denial, the panel did not "arbitrar[il]y den[y]. . .

reasonable request[s] for postponement." *Sheet Metal Workers Int'l Ass'n Local*

*Union No. 420*, 756 F.2d at 746.

The judgment of the District Court is **AFFIRMED**.

*The Sunrise Trust v. Morgan Stanley & Co., Inc.*, 12-17456

Ikuta, J., dissenting:

I would dismiss this appeal because, based on the record before us, the plaintiffs have failed to establish that their "petition to vacate [the arbitration award] complains *principally and in good faith* that the award was rendered in manifest disregard of federal law," and therefore we lack subject matter jurisdiction. *Luong v. Circuit City Stores, Inc.*, 368 F.3d 1109, 1111–12 (9th Cir. 2004) (emphasis added) (internal quotation marks omitted); *see also Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1040–41 (9th Cir. 2003) (explaining that "mere references" to statements by a federal agency do not create federal question jurisdiction).