MEMORANDUM **
Plaintiffs-Appellants The Sunrise Trust and Susan King appeal from the District Court’s judgment confirming an arbitration award.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
*686 In general, the Trust argues that the arbitration panel is “guilty of misconduct in refusing to postpone the [arbitration] hearing,” pursuant to 9 U.S.C. § 10(a)(3). The record, however, does not support the Trust.
When the Trust, though its counsel, moved for a postponement six days before the hearing based on King’s health, the panel provided a number of reasons to support its ruling that the hearing would proceed as scheduled. The panel stated that it had previously granted the Trust a postponement, that the Trust’s motion had been made “within days of the scheduled hearing” for a “second time,” that the respondents had not joined in the request, that “far too many” witnesses were expected to attend the hearing, and that it would “make arrangements for Ms. King’s testimony at a later date” because she was a witness, but “not the Claimant in this case.” The panel’s ruling was not an “arbitrary denial of a reasonable request for postponement.” Sheet Metal Workers Int’l Ass’n Local Union No. 120 v. Kinney Air Conditioning Co., 756 F.2d 742, 746 (9th Cir.1985).
Following the panel’s ruling, King decided to represent the Trust herself and requested postponements four days before the hearing and at the hearing’s commencement. The panel rejected both requests. The record does not indicate any material development between these latter requests and the former request, except for King’s decision to represent the Trust herself. In these circumstances, in light of the panel’s prior denial, the panel did not “arbitrar[il]y den[y] ... reasonable requests] for postponement.” Sheet Metal Workers Int’l Ass’n Local Union No. 120, 756 F.2d at 746.
The judgment of the District Court is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent, except as provided by Ninth Circuit Rule 36-3.

. King was not a party to the arbitration; the Trust was the only claimant in the arbitration. Only a party to an arbitration may move to vacate the resulting award. 9 U.S.C. § 10. Accordingly, this Court has construed all claims and arguments asserted by the Trust and King as made on behalf of the Trust, which was a party to the arbitration.